UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS TOOLEY, ) | |
| an individual, ) | |
| ) | CASE NO.: 1:17-cv-00785 |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| SGS ACQUISITION, LLC, ) | |
| an Indiana Limited Liability Company, ) | |
| ) | |
| and ) | |
| ) | |
| HAMPTON'S, LLC, ) | |
| An Indiana Limited Liability Company ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, DENNIS TOOLEY, through his undersigned counsel, hereby files this Complaint and sues SGS ACQUISITION, LLC, an Indiana Limited Liability Company and HAMPTON'S, LLC, an Indiana Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 et seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, DENNIS TOOLEY (hereinafter referred to as "MR. TOOLEY"), is a resident of the State of Indiana in Johnson County.

4. Plaintiff, MR. TOOLEY, is a qualified individual with a disability under the ADA. MR. TOOLEY suffers from Multiple Sclerosis, which causes severe nerve damage and affects his ability to walk and stand.

5. Due to his disability, Plaintiff MR. TOOLEY is substantially impaired in several major life activities and requires the use of mobility aids including a wheelchair, walker and/or a cane depending on his level of pain and fatigue on a daily basis[1].

6. Defendant, SGS ACQUISITION, LLC, (hereinafter referred to as "SGS" or collectively as "Defendants"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. As per County property records, Defendant is the owner, lessee, and/or operator of the real property and improvements, a shopping center, which is the subject of this action, to wit: the "Property," known as Sugar Grove Shoppes, generally located at 4800 W. Smith Valley Rd, Greenwood, IN 46142. Defendant is responsible for complying with the obligations of the ADA.

7. Defendant, HAMPTON'S, LLC, (hereinafter referred to as "HAMPTON'S" or collectively as "Defendants"), is an Indiana Limited Liability Company registered to do business in the State of Indiana. As per County property records, Defendant is the owner, lessee, and/or operator of the real property and improvements, a grocery store, which is the subject of this action, to wit: the "Property," known as Hampton's Market, generally located at 4800 W. Smith Valley Rd, Greenwood, IN 46142. Defendant is responsible for complying with the obligations of the ADA.

---

[1] Mr. Tooley is capable of walking very short distances without assistance on good days.

8. All events giving rise to this lawsuit occurred in the Southern District of Indiana.

### COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

10. The Property, a shopping center, is open to the public and provides goods and services to the public.

11. Plaintiff MR. TOOLEY has visited the Property numerous times over the past year and attempted to utilize the goods and services offered at the Property. MR. TOOLEY plans to return to the Property in the near future.

12. While at the Property, MR. TOOLEY experienced serious difficulty accessing the goods and utilizing the services due to the architectural barriers discussed herein.

13. MR. TOOLEY continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

14. Defendant is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against the Plaintiff due to, but not limited to, its failure to provide and/or correct, the architectural barriers to access below, which were personally encountered by and hindered Plaintiff's access to the Property:

    A. Plaintiff encountered inaccessible parking designated for disabled use in the parking spaces near Hampton's Market, Achieve!, Pizza Hut and Maurer Surveying due to a complete lack of accessible signage to reserve the spaces exclusively for disabled use.

   B. Additionally, these parking spaces referenced above are located on excessive slopes and contain built up curb ramps which protrude into their access aisles.

   C. Furthermore, the parking lot fails to provide any van access parking spaces.

   D. Plaintiff encountered inaccessible curb ramps near Hampton's Market, Achieve!, Pizza Hut and Maurer Surveying due to excessive running slopes, excessive side flare slopes, failure to provide smooth transitions and pavement in disrepair.

15. Plaintiff has visited the entire premises described herein and encountered numerous barriers throughout. The barriers described above represent a sample of said barriers to access. Only after a full inspection is performed by an expert can all barriers be readily identified and catalogued.

16. Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant, and requests the following injunctive and declaratory relief:

A.  That the Court declares that the Property owned, leased and/or operated by Defendant is in violation of the ADA;

B.  That the Court enter an Order directing Defendant to alter its facility to make it accessible and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures.

D.  That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.  That the Court awards such other and further relief as it deems necessary, just and proper.

Dated: March 15, 2017.

        Respectfully Submitted,
        KU & MUSSMAN, P.A.

By:   *Louis I. Mussman*   .
        Louis I. Mussman, Esq.
        Bar No. 597155
        Ku & Mussman, P.A.
        18501 Pines Blvd. Ste. 209-A
        Pembroke Pines FL 33029
        Tel: (305) 891-1322
        Fax: (305) 891-4512
        Louis@KuMussman.com

        and

        Eric C. Bohnet, Esq.
        Attorney No. 24761-84
        Attorney at Law
        6617 Southern Cross Drive
        Indianapolis, Indiana  46237
        Tel: (317) 750-8503
        ebohnet@gmail.com

        *Attorneys for Plaintiff*